10-0365-pr
Agoro v. Dist. Dir. for Immigration Customs Enforcement

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of December, two thousand ten.

PRESENT:   REENA RAGGI,
                      DEBRA ANN LIVINGSTON,
                      DENNY CHIN,
                              *Circuit Judges.*
--------------------------------------------------------------------------
BABATUNDE KAREEM AGORO,
                              *Petitioner-Appellant,*

                      v.                                                      No. 10-0365-pr

THE DISTRICT DIRECTOR FOR IMMIGRATION &
CUSTOMS ENFORCEMENT, THE DEPARTMENT OF
HOMELAND SECURITY, ATTORNEY GENERAL OF
THE UNITED STATES,
                              *Respondents-Appellees.*\*
--------------------------------------------------------------------------

FOR PETITIONER:            Stephanie M. Carvlin, Esq., New York, New York.

FOR RESPONDENTS:        Sue Chen, Special Assistant United States Attorney (David S. Jones, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

\* The Clerk of the Court is directed to amend the caption to read as shown above.

Appeal from the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 11, 2010, is AFFIRMED.

Babatunde Kareem Agoro, a native and citizen of Nigeria, appeals from the denial of his petition for a writ of habeas corpus, see 28 U.S.C. § 2241, which petition challenged his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE") pending his final deportation. See 8 U.S.C. § 1231(a)(1), (6). We review the district court's factual findings for clear error and its legal determinations in denying habeas corpus de novo. See Sacirbey v. Guccione, 589 F.3d 52, 63 (2d Cir. 2009). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Agoro's only contention on appeal is that his detention is governed by the Transition Period Custody Rules ("TPCR"), see Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, § 303(b)(3), 110 Stat. 3009, 3009-586 to -87, rather than the detention provisions of 8 U.S.C. § 1231(a), because the effective date of § 1231(a) was purportedly deferred by IIRIRA, see IIRIRA § 303(b)(2), 110 Stat. at 3009-586.[2] As an initial matter, the Government concedes that the ninety-day

---

[2] As Agoro does not appeal the district court's determination that continued discretionary detention under § 1231(a)(6) is constitutionally sound if that statute applies, we deem such argument waived. See, e.g., Nationwide Mut. Ins. Co. v. Mortensen, 606 F.3d 22, 28-29 (2d Cir. 2010); see also Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (concluding that

2

mandatory removal period has passed, see 8 U.S.C. § 1231(a)(1), and that Agoro is now held pursuant to § 1231(a)(6), which authorizes discretionary detention after the removal period for criminal aliens who are determined by the Attorney General to be a danger to the community or a flight risk. As a result, any cognizable challenge that Agoro may have had to § 1231(a)(1)'s mandatory detention provision is moot because he is no longer mandatorily detained. See Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003).

Insofar as Agoro asserts that the TPCR apply instead of discretionary detention pursuant to § 1231(a)(6), we are not persuaded.[3] Section 303(b)(2) of IIRIRA authorized a two-year deferral of the mandatory detention provisions of 8 U.S.C. § 1226(c) and § 440(c) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), during which time the TPCR permitted discretionary release of certain criminal aliens deemed not to be a danger or flight risk. See IIRIRA § 303(b)(2)-(3), 110 Stat. at 3009-586 to -87; 8 U.S.C. § 1226(c) (mandating detention during removal proceedings); AEDPA, Pub. L. No. 104-132, § 440(c), 110 Stat. 1214, 1276 (1996) (mandating detention during and after deportation proceedings). Nothing in the deferral rule delayed the effective date of § 1231(a). See IIRIRA § 303(b)(2),

discretionary detention pending removal is permissible if removal is reasonably foreseeable).

[3] As Agoro's only claim on appeal is that the TPCR apply because § 1231(a) was deferred, we assume without deciding that § 1231(a) governs his detention if the TPCR do not, and we do not consider the possible application of other provisions of immigration law before or after IIRIRA. Cf. Rosales-Garcia v. Holland, 322 F.3d 386, 401-03 (6th Cir. 2003) (applying § 1231(a)(6) to current detention of alien ordered excluded prior to IIRIRA's general effective date); Martinez-Vazquez v. INS, 346 F.3d 903, 906-07 (9th Cir. 2003) (same).

3

110 Stat. at 3009-586. Section 303(b)(2) of IIRIRA also provides that after the TPCR expire, § 1226(c) applies prospectively to criminal aliens "released" after the deferral period. See id.; see also In re Adeniji, 22 I. & N. Dec. 1102, 1111-12 (B.I.A. 1999). This provision also does not apply to § 1231(a). See IIRIRA § 303(b)(2), 110 Stat. at 3009-586.

Notwithstanding the plain language of the statute, Agoro contends that the TPCR govern his § 1231(a)(6) detention because an agency regulation applied the TPCR to aliens, like Agoro, subject to final orders of deportation. See 8 C.F.R. § 236.1(c)(1)(ii). We disagree. As IIRIRA's language unambiguously does not apply the TPCR to § 1231(a), we need not defer to the agency's regulation. See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984); see also Emokah v. Mukasey, 523 F.3d 110, 116 (2d Cir. 2008). In any event, this regulation only applied to aliens subject to the TPCR while the TPCR were in effect. See 8 C.F.R. § 236.1(c)(1)(ii). Now that the TPCR have expired, the regulation no longer applies to Agoro.

We have considered Agoro's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4